CHICAGO HEIGHTS CURRENCY EXCHANGE, INC., Plaintiff-Appellee, *v.* PAR STEEL PRODUCTS AND SERVICE COMPANY, INC., Defendant-Appellant.

First District (3rd Division)   No. 82—2817

Opinion filed April 25, 1984.

Laser, Schostok, Kolman & Frank, of Chicago (Melbourne A. Noel, Jr., of counsel), for appellant.

Herbert N. Sirott, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Defendant, Jack H. Brakman, was a general manager of defendant, Par Steel Products and Service Company, Inc. In that capacity he was authorized to sign checks on the company's checking account. After his employment by Par Steel was terminated and after his authority to sign company checks was cancelled he signed and delivered to plaintiff, Chicago Heights Currency Exchange, Inc., two checks drawn on the company account, one in the amount of $3,000 and the other for $4,000. When the two checks were presented to the drawee bank for payment, they were returned marked unpaid. Plaintiff currency exchange brought this action against Brakman and Par Steel, alleging in addition to the facts above that the plaintiff had previously cashed several Par Steel checks for Brakman which were honored, that Par Steel failed to notify plaintiff that Brakman's authority to

sign checks had been withdrawn, and that Par Steel allowed Brakman to come into possession of checks which he could no longer sign. These acts are said to be in violation of Par Steel's duty to plaintiff and to constitute negligence. Judgment in the amount of $7,000 was prayed for. A default judgment in that amount was entered against Brakman. After a bench trial, a similar judgment was entered against Par Steel.

Plaintiff in its amended complaint admits that Brakman had no authority to sign the two Par Steel checks. It is plaintiff's position that Par Steel, because of its negligence, is precluded from asserting that defense. Section 3—404(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 3—404(1)) provides: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it ***." Section 3—406 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 3—406) provides: "Any person who by his negligence substantially contributes to *** the making of an unauthorized signature is precluded from asserting the *** lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business."

The parties in their briefs raised issues concerning whether plaintiff failed to establish that it was a holder in due course or other payor entitled to invoke the protection of section 3—406 of the Uniform Commercial Code and whether plaintiff proved that it paid the checks in accordance with the reasonable commercial standards of its business. We need not address these issues because we are of the opinion that even if these issues are resolved in favor of plaintiff, we nevertheless must hold for defendant. In our opinion the evidence in the record does not show negligence by defendant which substantially contributed to the making of the unauthorized signatures.

The Uniform Commercial Code does not define the negligence that will support the section 3—406 defense and instructs that this issue is left strictly to the fact finder on a case-by-case basis. (*J. Gordon Neely Enterprises, Inc. v. American National Bank* (Ala. 1981), 403 So. 2d 887; see Ill. Ann. Stat., ch. 26, par. 3—406, Uniform Commercial Code Comment 3, at 247 (Smith-Hurd 1963).) This leaves each State free to define negligence separately. The parties have not cited nor have we found an Illinois case which does this. However, both precode Illinois cases and cases from other jurisdictions are persuasive that Par Steel was not guilty of negligence which substantially contributed to the making of the unauthorized signatures. Was

Brakman's possession of the company check blanks after he had been fired evidence of Par Steel's negligence which substantially contributed to the unauthorized signatures? Illinois courts have held that a drawer of checks owes no duty to his banker to employ none but honest clerks who will not steal his checks and commit forgeries by means of them. (*United States Cold Storage Co. v. Central Manufacturing District Bank* (1931), 343 Ill. 503, 514, 175 N.E. 825; *Open Shop Employing Printers Association v. Chicago Trust Co.* (1931), 263 Ill. App. 190, 197.) If the courts find no such duty of the drawer to his drawee bank with which the drawer has a contractual relationship, certainly the drawer has no such duty to a currency exchange with which it has no contractual relation. Further, for the drawer's negligence to defeat its defense under section 3—406, the plaintiff must show that the drawer's negligence substantially contributed to the making of the unauthorized signature. In a leading case construing section 3—406, the court said regarding the parallel defense of forgery:

> "[W]e are convinced that the meaning of sec. 3—406 is best reflected by precluding a drawer from recovery under these or similar circumstances only where his negligent conduct contributes to the *forgery*, not merely to the unwarranted issuance of the checks ***." (*Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (8th Cir. 1974), 491 F.2d 192, 197.)

Cases with similar holdings are cited in *Maddox v. First Westroads Bank* (1977), 199 Neb. 81, 256 N.W.2d 647.

In *Fred Meyer, Inc. v. Temco Metal Products Co.* (1973), 267 Or. 230, 516 P.2d 80, checks of the drawer were stolen and the drawer's signature forged on them. The Supreme Court of Oregon, in holding that the conduct of the company whose blank checks had been stolen and forged did not constitute negligence, quoted the official comment on the Oregon statute:

> " 'ORS 73.4060 applies the same rule to negligence which contributes to a forgery or other unauthorized signature, as defined in ORS 71.2010. The most obvious case is that of the drawer who makes use of a signature stamp or other automatic signing device and is negligent in looking after it. ORS 73.4060 extends, however, to cases where the party had notice that forgeries of his signature have occurred and is negligent in failing to prevent further forgeries by the same person. It extends to negligence which contributes to a forgery of the signature of another, as in the case where a check is negligently mailed to the wrong person having the same name as the payee. As in

the case of alteration, no attempt is made to specify what is negligence, and the question is one for the court or the jury on the facts of the particular case.' " (267 Or. 230, 234, 516 P.2d 80, 82.)

The court noted that *Temco* was not a case involving a check signing device or one where the party had notice of previous forgeries. Further, it was "not a case in which conduct may be negligent for failure to foresee that such conduct may involve an unreasonable risk of harm to another person through the *negligent* conduct of a third person. Instead this [was] a case in which it [was] contended that defendant was negligent for failure to foresee that his conduct may involve harm to another through the *criminal* conduct of a third person. [Citation.] Under normal circumstances a person may reasonably assume that no one will violate the criminal law. [Citation.]" 267 Or. 230, 236, 516 P.2d 80, 83.

Similarly, applying this analysis to the case at bar, Par Steel had no duty to anticipate the criminal activity of Brakman. We hold that the evidence that Brakman possessed the Par Steel checks, that he signed the checks after his authority to do so had been terminated and that Par Steel did not notify Chicago Heights Currency Exchange about the termination did not establish negligence substantially contributing to the unauthorized signing within the meaning of section 3—406 of the UCC.

For the foregoing reasons the judgment entered in the court below for plaintiff Chicago Heights Currency Exchange, Inc., is reversed.

Reversed.

McNAMARA and McGILLICUDDY, JJ., concur.